**Paul GRAINGER, Appellant,**

v.

**ALASKA WORKERS' COMPENSATION BOARD, City of Ketchikan, and Industrial Indemnity Insurance Company, Appellees.**

**No. S–1833.**

Supreme Court of Alaska.

March 25, 1988.

Clifford H. Smith, Carmen Gutierrez, Ketchikan, for appellant.

Patrick E. Murphy, Batchelor, Murphy & Brinkman, Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

**PER CURIAM.**

This appeal is from the affirmance by the superior court of an Alaska Workers' Compensation Board (Board) decision denying benefits to Paul Grainger (Grainger). Grainger sought benefits following a heart attack that had its onset while Grainger was on the job. He claims that job stress either caused or aggravated a pre-existing condition that caused the heart attack.

We REVERSE and REMAND the case to the superior court with instructions to remand it to the Board for reconsideration in light of our decisions in *Wade v. Anchorage School District*, 741 P.2d 634 (Alaska 1987), and *Fox v. Alascom*, 718 P.2d 977 (Alaska 1986). The Board may take such additional evidence it deems necessary for a proper resolution of the issues raised.[1]

---

**1.** In response to the dissent, we observe the following. Employment is a legal cause in a disability if it is a "substantial factor" in bringing about the harm. *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590, 597–98 (Alaska

1979). Dr. Stewart did not testify that job related stress was or was not a "substantial factor" in bringing about the final result. Dr. Stewart's testimony was that there was insufficient evidence or documentation in his records regarding environmental or physical or emotional stress:

Q. You have no information one way or the other; is that correct?
A. Yes, that is correct.

Second, although the dissent describes Dr. Stewart as one who the Board could regard as

MATTHEWS, Justice, dissenting.

I would affirm the Board's decision denying benefits to Grainger. The Board's conclusion that job related stress did not play a substantial role in the development of Grainger's heart disease is supported by substantial evidence.

Dr. Stewart, who supervised Grainger's treatment during his two hospital admissions and thus could be regarded by the Board as thoroughly familiar with his case, concluded as follows: "I do not believe that there is at present, sufficient evidence to state that job related stress has played a unique or primary role in the development of Mr. Grainger's coronary disease." Although Dr. Stewart used the adjectives "unique or primary" rather than "substantial," the latter term is not of ritual significance, and what the doctor said could reasonably have been viewed by the Board as meeting the legal standard.

thoroughly familiar with Grainger's case, Dr. Stewart's records described Grainger as being a "fireman," "electrician," "lineman," "pump station controller" and "foreman," when Grainger in fact was a powerhouse operator. His records showed that Grainger was at rest in the evening when he had the onset of his heart attack, although Grainger was in fact on the job. Dr. Stewart had only a vague memory of talking to Grainger about his job, and although he recalls that Grainger brought up stress Grainger felt on his job, Dr. Stewart remembered none of the details. Assuming that it is permissible for this court to speculate on how the Board "could" regard Dr. Stewart, the dissent's conclusion appears unsupported by the record.